1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  OAK TREE RACING ASSOCIATION, A CALIFORNIA NON-PROFIT MUTUAL 12  BENEFIT CORPORATION | Case No. 2:14-cv-4207 PSG (RZx) |
| 13              Plaintiff, | PROTECTIVE ORDER ENTERED PURSUANT TO THE STIPULATION OF THE PARTIES |
| 14         vs. | |
| 15  SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION 16  FUND, A MULTIEMPLOYER EMPLOYEE BENEFIT PLAN AND TRUST 17  ORGANIZED UNDER THE LAWS OF THE DISTRICT OF COLUMBIA AND 18  GOVERNED BY THE EMPLOYEE RETIREMENT INCOME SECURITY ACT 19  of 1974 | |
| 20              Defendant; and | |
| 21  LOS ANGELES TURF CLUB, INC., HOLLYWOOD PARK RACING 22  ASSOCIATION, LLC, and HOLLYWOOD PARK FALL RACING ASSOCIATION, 23  LLC, | |
| 24              Defendant-Intervenors, | |
| 25  continued on next page | |

26

27

28

STIPULATED PROTECTIVE ORDER

1  SERVICE EMPLOYEES INTERNATIONAL
   UNION NATIONAL INDUSTRY PENSION
2  FUND, and STEPHEN ABRECHT,
   RODERICK S. BASHIR, CHRIS BOUVIER,
3  KEVIN J. DOYLE, THOMAS E.
   LaMARTINA, MYRIAM ESCAMILLA,
4  EDWARD J. MANKO, FRANK A.
   MAXSON, JOHN J. SHERIDAN and DAVID
5  A. STILWELL, as Trustees of the Service
   Employees International Industry Pension
6  Fund

7                    Counter Claimants,

8  v.

9  OAK TREE RACING ASSOCIATION,

10                   Counter Defendant.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties'

2   Stipulated Protective Order ("Stipulation") filed on May 28, 2015, the terms of the protective

3   order to which the parties have agreed are adopted as a protective order of this Court (which

4   generally shall govern the pretrial phase of this action) except to the extent, as set forth below,

5   that those terms have been substantively modified by the Court's amendment of section VIII

6   paragraph 5 the Stipulation.

7   The parties are expressly cautioned that the designation of any information, document, or

8   thing as CONFIDENTIAL or other designation used by the parties, does not, in and of itself,

9   create any entitlement to file such information, document, or thing, in whole or in part, under seal.

10   Accordingly, reference to this Protective Order or to the parties' designation of any information,

11   document, or thing as CONFIDENTIAL or otherwise is wholly insufficient to warrant a filing

12   under seal.

13   There is a strong presumption that the public has a right of access to judicial proceedings

14   and records in civil cases.  In connection with non-dispositive motions, good cause must be

15   shown to support a filing under seal.  The Court may only enter a protective order upon a showing

16   of good cause, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006),

17   *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony*

18   *Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require

19   good cause showing); and a specific showing of good cause or compelling reasons (see below),

20   ***with proper evidentiary support and legal justification***, must be made with respect to each

21   document or item that a party seeks to have filed under seal.

22   Further, if sealing is requested in connection with a dispositive motion or trial, then

23   compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief

24   sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v.*

25   *Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of

26   information, document, or thing sought to be filed or introduced under seal in connection with a

27   dispositive motion or trial, the party seeking protection must articulate compelling reasons,

28   supported by specific facts and legal justification, for the requested sealing order.  ***Again,***

3

***competent evidence supporting the application to file documents under seal must be provided by declaration.***

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Further, notwithstanding any other provision of this Protective Order, no obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

**AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT**[1]

This Stipulation governs the covenant of Plaintiff and Counter Defendant Oak Tree Racing Association ("Plaintiff"), the Defendant-Intervenors LA Turf Club, Inc., Hollywood Park Fall Racing Association, LLC, and Hollywood Park Racing Association, LLC, and the

---

[1]   The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

PROTECTIVE ORDER

1   Defendants and Counter Claimants, the SEIU-NIPF and its Trustees (collectively, "Parties").  The

2   Parties, through their respective counsel, hereby stipulate and agree that any documents,

3   information, testimony or transcripts ("Material") deemed by any Party or by any person or entity

4   that is not a party to this action ("Third-Party") to be confidential, proprietary, trade secret and/or

5   subject to a right of privacy ("Confidential Information"), shall be designated and protected

6   according to the following terms and conditions:

7   **I.      <u>DESIGNATING PROTECTED MATERIAL</u>**

8           Any Party or Third-Party may determine in good faith whether any Material should be

9   designated as "CONFIDENTIAL" ("Designating Party").  However, such good faith belief must

10   be based on the fact that such information has not been made public and the Designating Party

11   must have a reasonable and good faith belief that if such information is disclosed it will have the

12   effect of causing harm to a Party's or Third-Party's competitive position, protection of trade

13   secrets or otherwise impinge upon a Party or Third-Party's right to privacy or confidentiality.

14   Material that is publicly-available shall not be designated as "CONFIDENTIAL."  Further,

15   Material that was previously produced in this action shall not be considered "CONFIDENTIAL"

16   under the terms of this Protective Order unless it was marked "CONFIDENTIAL" or is

17   subsequently designated as "CONFIDENTIAL" by a Party or Third-Party.

18           Parties and Third-Parties shall also have the right to designate as "CONFIDENTIAL"

19   Material produced, served or provided by other Parties or Third-Parties, in which case the

20   Designating Party shall notify the other Parties and/or Third-Parties of the Material that should be

21   treated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order.  Any Material, or any

22   part thereof, designated as "CONFIDENTIAL" shall be used only for the litigation of this action,

23   including discovery, pre-trial proceedings, trial, appellate proceedings and petitions for

24   reconsideration and/or review, related arbitration, and shall not be used for any business,

25   commercial or other purpose.  Except as otherwise provided in this Stipulated Protective Order,

26   or as otherwise stipulated or ordered, any Material that a Party or Third-Party deems

27   "CONFIDENTIAL" must be clearly so designated.  Designation in conformity with this

28   Stipulated Protective Order requires the following:

1.      For Material in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party (either Party or Third-Party) producing the documents may affix the legend "CONFIDENTIAL" at the top or bottom of the document or by watermarking of each page of a document that contains confidential Information.

2.      For testimony given in deposition, the Designating Party shall identify either (a) on the record before the close of the deposition, or (b) within 20 days after receiving the transcript of such deposition, all portions of the testimony that it wants to designate as "CONFIDENTIAL." Only those portions of the testimony that are designated for protection during the deposition, or within the 20 days after receipt of the transcript of such testimony, shall be covered by the provisions of this Stipulated Protective Order. The court reporter shall affix to the top or bottom of each page of a transcript containing Confidential Information the legend "CONFIDENTIAL" as instructed by a Designating Party's instructions.  For testimony given in pretrial, trial proceedings, or any such court proceedings, the Parties will address any Confidential Information with the judicial officer conducting the proceeding at the time of any such proceeding.

3.      For any Material produced in other than documentary form and for any other tangible items, the Designating Party producing such Material or tangible item shall affix in a prominent place on the exterior of the container or containers in which the material or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions. If, after production, a Party or Third-Party designates as "CONFIDENTIAL" any non-documentary Material or tangible item not previously designated, then any Party in possession of such Material or tangible item shall designate it as such in accordance with this Stipulated Protective Order.

**II.     ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

1.      Subject to paragraph 2 below, all Material designated as "CONFIDENTIAL" may be disclosed only to:

a.      Outside counsel for a Party and in-house counsel for any Party responsible for overseeing this action, as well as their employees and other persons or entities retained

6

by such counsel to provide litigation-related services;

      b.     Experts, consultants and other independent contractors retained or employed to consult with, advise or assist counsel for a Party in the preparation, trial or arbitration of this case, as well as their employees;

      c.     The Parties to this action and their current trustees, directors, officers, administrators, and employees;

      d.     Witnesses who are being prepared by counsel to give testimony at a deposition, hearing or trial, or who are being examined by counsel at a deposition, hearing or trial; and

      e.     Personnel employed by the United States District Court for the Central District of California ("Court") or any appellate court, including the Ninth Circuit Court of Appeals, appellate court justices, court reporters, clerks and administrative support personnel;

      f.     Any mediator, settlement officer, or arbitrator, and their supporting personnel, to whom the dispute is tendered; and

      g.     Any other person(s) mutually agreed to in writing by the Parties.

2.     Parties shall take appropriate measures to ensure that all persons permitted access to Material designated as "CONFIDENTIAL" under paragraph II(1)(b), (c) or (d) of this Stipulated Protective Order have agreed, prior to reviewing any such Confidential Information, to be bound by the terms and conditions hereof with respect to the restricted disclosure and use of such Confidential Information.  Prior to receiving any Confidential Information, those persons shall sign a copy of the statement attached hereto as Exhibit A, agreeing to be bound by the terms of this Stipulated Protective Order and submitting to the jurisdiction of the Court to enforce this Stipulated Protective Order.  The Party who obtains any such signed statements shall retain possession of the statements and shall provide a copy of the statements at the written request of another Party.  However, under no circumstances shall any Party be required to disclose the identity or existence of any expert, consultant or witness until otherwise required to do so by law or order of the Court or an arbitrator to whom the dispute is tendered.

PROTECTIVE ORDER

**III.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

If, at any time during the pendency of this action, counsel for any Party wishes to challenge a Designating Party's designation of Material as containing Confidential Information, and to exclude such Material from the provisions of this Stipulated Protective Order, the Party shall follow the procedures for seeking judicial intervention for discovery disputes, as set forth in Local Rule 37.  The Parties shall also first meet and confer in a good faith effort to resolve informally any disputes concerning this Stipulated Protective Order before seeking judicial intervention.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**IV.    INADVERTENT OR UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL OR PRIVILEGED INFORMATION**

1.    Inadvertent production without prior designation of any Confidential Information shall be without prejudice to a Designating Party's right to later seek to have the Confidential Information designated as "CONFIDENTIAL" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Material that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the Material shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Material designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the inadvertently produced Material shall be treated by the receiving party as Confidential pursuant to this Paragraph.  In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Material, such law shall govern. If the receiving Party wishes to contest that any such Material should be designated as Confidential, the receiving Party shall follow the procedures for seeking judicial intervention for discovery disputes, as set forth in Local Rule 37, including meeting and conferring in good faith with the producing Party.

2.    The inadvertent production or disclosure of any Material otherwise protected by the attorney-client privilege or work product immunity shall not operate as a waiver of any such

privilege or immunity if, after learning of the inadvertent production or disclosure, the Party who made the inadvertent production or disclosure sends to any receiving Party a written request for the return or destruction of such documents or things.  Upon receiving such a request, the receiving Party shall immediately take all necessary steps to return or destroy such documents or things, including all copies and electronic copies, and make a written certification to the producing Party of such compliance.  If the receiving Party disclosed the inadvertently produced document or thing before being notified by the producing Party, it must take reasonable steps to retrieve the inadvertently produced Material.  If the receiving Party wishes to contest that any such Material was inadvertently produced or whether it is protected by the attorney-client privilege or by work-product immunity, the receiving Party shall follow the procedures for seeking judicial intervention for discovery disputes, as set forth in Local Rule 37, including meeting and conferring in good faith with the producing Party.  With respect to documents and things subsequently generated by a receiving Party, which documents and things contain information derived from such inadvertently produced Materials, if the receiving Party does not notify the producing Party that the requesting Party disputes the claims of attorney-client privilege or work-product immunity, the receiving Party shall immediately destroy or redact the derivative documents and things in a manner such that the derivative information cannot in any way be retrieved or reproduced.

**V.    MAINTENANCE AND FILING OF CONFIDENTIAL INFORMATION**

1.    All Material designated as "CONFIDENTIAL" shall be kept in secure facilities.  A "secure facility" is a place where access is restricted to only those designated persons set forth in Section II.1 of this Stipulated Protective Order.  Such requirement is not applicable to the Court.

2.    Any motion or pleading containing Confidential Information, and any information, including, but not limited to, documents, interrogatory responses and depositions designated as containing Confidential Information, where submitted to the Court or an arbitrator, shall be delivered to the Court or arbitrator sealed and not be available for public inspection.  Counsel for the respective Parties shall place any such pleadings, motions, or documents to be submitted to the Court or arbitrator in an envelope marked "SEALED," affix a copy of this Stipulated

9

Protective Order to the documents, and deliver the documents directly to the clerk or secretary of the Judge or arbitrator assigned to hear this matter.  The Parties further agree that any Confidential Information filed under seal with the Court shall be accompanied by an application pursuant to Local Rule 79-5.1, to file such Confidential Information under seal.  The application shall be directed to the judge to whom the Confidential Information is directed.  Pending a judicial ruling on the application, the Confidential Information subject to the sealing application shall be lodged under seal.  Notwithstanding the provisions in this paragraph, the Parties agree to maintain and file Confidential Information used in any arbitration proceeding pursuant to the applicable rules of the American Arbitration Association or other rules governing the arbitration proceeding.

3.      Documents or other information designated as containing Confidential Information pursuant to this Stipulated Protective Order shall become public absent a separate Court order upon written application and sufficient cause shown.

4.      Nothing in this Stipulation requires the Court or arbitrator to automatically grant a request to file documents labeled "CONFIDENTIAL" under seal.

**VI.   CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

1.      The terms of this Stipulated Protective Order shall apply to all manner and means of discovery, including subpoenas duces tecum, and to this litigation and any related arbitration.

2.      In the event that a Party is served with a subpoena, related to another action or a party not subject to this protective order, that seeks to compel the production of Material designated as "CONFIDENTIAL," the Party upon whom the subpoena is served shall give written notice of the subpoena to the Designating Party at least seven (7) calendar days before the production date (or, if the subpoena provides less than seven (7) days' notice, within one (1) business day after service of the subpoena).  The Designating Party may then file a petition or motion to quash the subpoena and/or obtain such other relief as will protect the confidential nature of the documents.  If the Designating Party files such a petition before the production date specified in the subpoena, the Party upon whom the subpoena is served shall not produce the

requested documents until after the Court or appropriate court has ruled on the petition or motion.

## VII.  **FINAL DISPOSITION**

Within thirty (30) days after the final termination of this action, counsel for each Party shall, except by the mutual agreement of the Parties, destroy any and all Material designated as "CONFIDENTIAL," and shall destroy all copies, digests or summaries which have been made of, or prepared from, such Confidential Information, and shall provide counsel for the Party or Third-Party who produced such Material (upon request) with a declaration under penalty of perjury attesting to such return and/or destruction.  For purposes of this Stipulated Protective Order, the term "final termination" shall refer to the time after any final order, award, or judgment is entered in this action, or any related arbitration, with no timely petition for reconsideration or petition for review having been filed, or, if any such petition is filed, after a final decision is rendered by the United States District Court or any appellate court with no further petition or appeal pending or possible.

## VIII.  **MISCELLANEOUS**

1.      Subject to the Provision of Paragraph VI(2), above, nothing in this Stipulated Protective Order shall be construed to relieve any Party from the obligation to timely respond to a discovery request, nor shall this Stipulated Protective Order be construed as a waiver of the right to assert any objection to a discovery request.

2.      Nothing in this Stipulated Protective Order is intended to be nor shall it be construed as a waiver of any Party's right to move to dismiss or compel arbitration of Plaintiffs' claims on the grounds that such claims are subject to mandatory arbitration.

3.      This Stipulated Protective Order is intended to regulate the production and dissemination of Confidential Information during the entirety of this action and any related arbitration, and thereafter shall remain in full force and effect, unless and until modified, superseded or terminated by written agreement of all Parties or by order of the United States District Court.  This Stipulated Protective Order shall become effective as among the Parties when executed by all Parties, with or without the District Court's entry of the order.  The Court shall retain jurisdiction to enforce the provisions of this Stipulated Protective Order and to enter

1  amendments, modifications and additions to this Stipulated Protective Order as the Court may

2  from time to time deem appropriate upon noticed motion of a Party or upon the Court's own

3  motion upon notice to the parties.

4  4.  Nothing in this Stipulated Protective Order shall affect the admissibility into

5  evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or

6  to pursue other appropriate judicial action with respect to any ruling made by the Court

7  concerning the issue of the status of Confidential Material.

8  5.  Counsel for all parties shall make every attempt to redact exhibits for use at trial as

9  opposed to marking such exhibits "CONFIDENTIAL" so as to reduce the burden of sealing the

10  Court during trial.  **The Court reiterates that the mere marking of documents as**

11  **"CONFIDENTIAL" does not guarantee that such documents will be filed under seal during**

12  **trial.  Rather, the parties must meet the heightened standard set forth above to have**

13  **documents filed under seal at trial.**

14  6.  Counsel for all parties shall make every attempt to redact personal identifying

15  information from documents produced in this proceeding or in any related arbitration, including

16  but not limited to social security numbers, dates of birth, financial account numbers, passport

17  numbers, drivers license numbers, home addresses, and any other personal information required

18  to be redacted in accordance with Federal Rule of Civil Procedure 5.2 or Local Rule 5.2-1.

19  7.  Nothing in this Stipulated Protective Order shall be construed as improperly

20  limiting the rights of third parties involved in other actions to conduct discovery or to limit the

21  subpoena power of another court unless a Court grants a properly noticed motion for protective

22  order in such other proceedings.

23

24  **IT IS SO ORDERED.**

25  DATED: June 02, 2015  _____

26  GAIL J. STANDISH

27  UNITED STATES MAGISTRATE JUDGE

28

12

PROTECTIVE ORDER

**EXHIBIT "A"**

I, _____, have received and reviewed a copy of the Stipulated Protective Order entered in the case entitled Oak Tree Racing Association v. Service Employees International Union National Industry Fund, et al.,  Case No. 2:14-cv-4207 PSG (RZx) pending in the United States District Court for the Central District of California ("USCD") and am familiar with its terms.  I agree to comply with the terms and conditions of the Stipulated Protective Order unless and until I am notified that it has been modified or vacated by the Court, at which time I will comply with such further order.  I further consent and submit to the jurisdiction of the USCD for the purpose of enforcing the Stipulated Protective Order, if necessary.

DATED:                      _____

PROTECTIVE ORDER